# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DJAMSHED UMAROV,** : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **COMMISSIONER DANIELLE OUTLAW,** : <br> et al., : <br> Defendants. : <br> : | **Civil Action** <br> **No. 22-4163** |

# ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of the Defendant's Motion to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED** and Defendant Commissioner Danielle Outlaw is dismissed with prejudice.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DJAMSHED UMAROV, | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 22-4163 |
| | : | |
| COMMISSIONER DANIELLE OUTLAW, | : | |
| et al., | : | |
| Defendants. | : | |

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendant Commissioner Danielle Outlaw hereby files this Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests that this Court dismiss the claims asserted against them with prejudice.

Date: October 24, 2022

Respectfully submitted,

/s/ *Daniel Cerone*
Daniel Cerone
Assistant City Solicitor
Pa. Attorney ID No. 321507
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-2964 (phone)
Daniel.Cerone@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **DJAMSHED UMAROV,** | : |
| **Plaintiff,** | : |
| | : Civil Action |
| v. | : No. 22-4163 |
| | : |
| **COMMISSIONER DANIELLE OUTLAW,** et al., | : |
| **Defendants.** | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A
CLAIM</u>**

Plaintiff Djamshed Umarov ("Plaintiff") brings claims against Commissioner Danielle Outlaw in which Plaintiff fails to plead facts regarding his arrest and prosecution for retail theft that allege Commissioner Outlaw had personal involvement in any claimed wrongdoing against him. Therefore, the Court should dismiss Plaintiff's Complaint against Commissioner Outlaw with prejudice.

**I. BACKGROUND[1]**

Plaintiff's claims stem from his alleged arrest for stealing merchandise at Home Depot on February 27, 2018, at approximately 10:45 AM. *See generally* Compl. ECF No. 1, Ex. C. On or about March 13, 2018, Plaintiff appeared in Philadelphia Municipal Court and entered a summary diversion program. *Id.* at ¶ 17. Plaintiff completed the program, paid the fine required, and his case was dismissed and later expunged. *Id.* at ¶¶ 18-19. On or about June 20, 2018, after Plaintiff

---

[1] For purposes of this Motion to Dismiss only, as they must, Moving Defendants accept the facts as pleaded to be true. *Cudjoe v. Dep't of Veterans' Affairs*, 426 F.3d 241, 244 (3d Cir. 2005); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Moving Defendants do not concede that all the allegations in the Amended Complaint are supported by a factual basis, following a reasonable investigation.

entered the diversionary program, based upon Detective Thomas Anderosky's affidavit, an arrest warrant was issued for Plaintiff for theft and related offenses, for the same February 27, 2018 Home Depot theft. *Id.* at ¶¶ 10, 23. In January 2020, Plaintiff was pulled over in New Jersey, arrested, and detained for a few days as he awaited extradition to Philadelphia. *Id.* at ¶ 24. On November 22, 2021, Plaintiff's motion to dismiss was granted based upon double jeopardy. *Id.* at ¶¶ 34-35.

Plaintiff names the City of Philadelphia, the Philadelphia Police Department ("PPD"), Commissioner Danielle Outlaw, Detective Thomas Anderosky, John/Jane Doe PPD employee, the Philadelphia District Attorney's Office ("DAO"), District Attorney Larry Krasner, and John/Jane Doe DAO employee.[2] *Id.* at ¶¶ 2-14. Plaintiff claims that he was unlawfully arrested and maliciously prosecuted as a result of the Defendants' pattern, practice, and custom of subjecting citizens like Plaintiff to "unreasonable force, arrest and prosecution in the absence of probable cause, not conducting a proper investigation, not reacting properly and timely to information from citizens such as Plaintiff and his representatives." *Id.* at ¶ 38. As a result, Plaintiff alleges he has "suffered and continues to suffer physical and psychological harm, pain and suffering, emotional distress, mental anguish, fear, terror, humiliation, loss of reputation, scorn of the community and/or related financial losses." *Id.* At ¶ 41.

Specifically, Plaintiff alleges the following against all named defendants: (Count I) Federal Civil Rights Violations under 42 U.S.C. § 1983; (Count II) Assault and Battery; (Count III) False Arrest, False Imprisonment, and Abuse of Process; (Count IV) Invasion of Privacy – Casting in a False Light; (Count V) Intentional Infliction of Emotional Distress; (Count VI) Civil Conspiracy;

---

[2] To date, Plaintiff has not properly served any other defendant other than Commissioner Outlaw and presumably the Philadelphia District Attorney's Office.

and (Count VII) Violations of Civil Rights under the Pennsylvania Constitution. Plaintiff fails to allege personal involvement of Commissioner Outlaw in any of the alleged claims and thus she should be dismissed.

## II. STANDARD OF REVIEW

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

## III. ARGUMENT

Plaintiff pleads in Count I that Commissioner Outlaw "encouraged, tolerated, ratified and has been deliberately indifferent" to several patterns and practices and the need for more or different training. *See Compl*. At ¶ 45. Plaintiff then lists several alleged deficiencies which appear to resemble a municipal liability claim under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978), more so than a general civil rights claim under section 1983. *Id*. at ¶¶ 45-49. In the remaining six counts (Counts II through VII), Plaintiff makes broad, conclusory allegations against Commissioner Outlaw, grouped in with all other named defendants. *Id*. at ¶¶ 55, 59, 63-64, 68, 72-73, 77-78. This, too, is insufficient to establish personal involvement of Commissioner Outlaw.

A plaintiff cannot sustain a § 1983 claim without averring the existence of each defendant's personal involvement in the actions giving rise to the complaint. *See Rode v. Dellarciprete*, 845

F.2d 1195, 1207 (3d Cir. 1988). This rule requires a complaint to include "allegations of personal direction or of actual knowledge and acquiescence," and such allegations "must be made with appropriate particularity." *See id.* Therefore, a plaintiff's claims cannot survive a motion to dismiss by merely making conclusory allegations of personal involvement. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 131 (3d Cir. 2010) (holding that an allegation that supervisors "told [police officers] to do what they did" was conclusory and failed to state a claim).

Consistent with the above reasoning, Plaintiff must allege sufficient facts to establish his legal claims. Initially, to the extent Plaintiff is attempting to plead a municipal liability claim against Commissioner Outlaw in Count I, this should be dismissed as an official capacity claim is equivalent to, and thus duplicative of, a claim against the City. Suits against state actors in their official capacity, in contrast to their personal capacity, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Courts in the Third Circuit have routinely dismissed claims brought against a state actor in his or her official capacity where, like here, a claim has also been brought against the municipal entity that employs them. *See e.g., Fitzgerald v. Martin*, Civ. A. No. 16-3377, 2017 WL 3310676, at *6 (E.D. Pa. Aug. 3, 2017) (dismissing claim against district attorney's office employees in their official capacity as duplicative of claims against the county); *Strickland v. Mahoning Township*, 647 F. Supp. 2d 422, 639 n.27 (E.D. Pa. 2018) (dismissing claim against individual City Commissioners in their official capacity as duplicative of the claims against the City Commissioners' Office).

As for the remaining counts, Plaintiff's factual pleadings point to a potential claim of malicious prosecution and those that stemmed from his alleged false arrest. Notably, the instrument at issue here would be the affidavit of probable cause that was issued for Plaintiff's

arrest. As such, Plaintiff must prove, *inter alia*, that probable cause did not exist to arrest. Considering the allegations of his pleading through the lens of applicable law, Plaintiff has not pointed to any facts that establish that the actions of Commissioner Outlaw caused his alleged harm in connection with the affidavit that brought upon his June 20, 2018, arrest warrant. *Id*. at ¶ 22. Plaintiff merely groups in Commissioner Outlaw with the other named defendants due to her title as Police Commissioner and cites no direct or particularized involvement in connection with his constitutional deprivations. Accordingly, the claims should be dismissed on this basis.

### IV. CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's claims against Commissioner Danielle Outlaw with prejudice.

Date: October 24, 2022

Respectfully submitted,

/s/ *Daniel Cerone*
Daniel Cerone
Assistant City Solicitor
Pa. Attorney ID No. 321507
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-2964 (phone)
Daniel.Cerone@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DJAMSHED UMAROV,** : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **COMMISSIONER DANIELLE OUTLAW,** : <br> et al., : <br> Defendants. : | **Civil Action <br> No. 22-4163** |

## CERTIFICATE OF SERVICE

    I hereby certify that on the date below, the Defendant's Motion to Dismiss Plaintiff's Complaint was filed via the Court's electronic filing system.

Date: <u>October 24, 2022</u>

Respectfully submitted,

/s/ *Daniel Cerone*
Daniel Cerone
Assistant City Solicitor
Pa. Attorney ID No. 321507
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-2964 (phone)
Daniel.Cerone@phila.gov